IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM MCDONAL-ALEJO,<br>    Movant, | :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: | CRIMINAL ACTION NO.<br>1:14-CR-297-WSD-LTW |
| UNITED STATES OF AMERICA,<br>    Respondent. | :: | CIVIL ACTION NO.<br>1:16-CV-3548-WSD-LTW |

**FINAL REPORT AND RECOMMENDATION**

Movant is a federal prisoner who, pro se, challenges his sentence under 28 U.S.C. § 2255. (Doc. 40.)[1] Respondent filed a brief opposing the motion. (Doc. 46.) Movant filed a motion to supplement his § 2255 motion with a claim that his sentence should be reduced pursuant to a retroactive amendment to the U.S. Sentencing Guidelines (the "Guidelines"), (doc. 43), and a motion for due process seeking an order that Respondent answer his § 2255 motion, (doc. 47).

**I.    Background**

Movant pled guilty, pursuant to a negotiated plea agreement, to conspiring to possess methamphetamine with the intent to distribute it. (Docs. 4, 4-1.) At sentencing, the Court made the following rulings regarding the calculation of the

---

[1] All citations to the record are to case number 1:14-cr-297-WSD-LTW.

advisory range of imprisonment under the Guidelines: the Court denied Movant's request for a reduction based on his minor role in the drug conspiracy, sustained his objection to a two-level enhancement for maintaining premises for the purpose of distributing drugs, applied a two-level enhancement for possession of a firearm in connection with a drug trafficking crime, and applied a two-level reduction under the Guidelines' safety valve provision. (Doc. 24 at 4-11, 21.) The resulting Guidelines range was 168 to 210 months' imprisonment. (*Id.* at 22.) The Court sentenced Movant to 168 months. (Doc. 12.)

Movant then appealed his sentence. He argued on appeal that the Court erred in refusing to apply a minor role reduction in calculating the Guidelines range. (Doc. 29.) The court of appeals rejected that argument and affirmed Movant's sentence. (*Id.*)

Movant also filed motions to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on retroactive amendment 782 to the Guidelines. (Docs. 26, 35.) The Court denied those motions. (Docs. 34, 45.)

Movant asserts three claims in his § 2255 motion. (Docs. 40, 40-1.) First, he claims that the Court erred in refusing to apply a minor role reduction in calculating the Guidelines range. (Doc. 40 at 4-5.) Movant concedes that he raised this claim on

direct appeal. (*Id.*) Second, he claims that the Court erred in applying the Guidelines enhancement for maintaining premises for the purpose of distributing drugs. (*Id.* at 5-6.) Third, he claims that the Court erred in applying the Guidelines enhancement for possession of a firearm in connection with a drug trafficking crime. (*Id.* at 6-8.) Movant concedes that he did not raise the last two claims on direct appeal, and when asked (on the § 2255 form) to explain why he did not do so, he simply wrote "[c]urrently are in this 2255" and "[j]ust now filing 28 U.S.C § 2255." (*Id.* at 5, 7.)

Respondent argues that Movant cannot relitigate his first claim because the court of appeals rejected it. (Doc. 46.) Respondent argues that Movant procedurally defaulted his other claims and that those claims lack merit. (*Id.*)

**II.   Applicable Law**

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a [] § 2255 challenge" unless the movant shows "both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] . . . from raising his claims on direct appeal and that this factor cannot be fairly [attributed] to [his] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004). "Actual prejudice" requires a movant to show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997).

An alleged error "decided adversely to a defendant on direct appeal [] cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quotation marks omitted). "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted." *Frady*, 456 U.S. at 164.

4

### III.  Analysis

Movant's first claim regarding the minor role reduction was decided adversely to him on appeal.  (Doc. 29.)  The court of appeals held that the Court did not err in denying that reduction and affirmed Movant's sentence.  (*Id.*)  Movant thus cannot relitigate that claim under § 2255.  *See Nyhuis*, 211 F.3d at 1343.

Movant procedurally defaulted his remaining claims by not raising them on appeal, and he has not shown cause and prejudice for failing to do so.  Movant's only explanation for not raising those claims on direct appeal is that he is raising them in his § 2255 motion, thus suggesting that he did not have to raise the claims on direct appeal.  But the law required him to raise those claims on direct appeal because the claims were available to him at that time.  *See Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) ("A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development.").  The claims are procedurally defaulted.[2]

---

[2] Movant's second claim – that the Court erred in applying a Guideline enhancement for maintaining premises for the purpose of distributing drugs – would fail even if not procedurally defaulted because it is based on a mistaken premise. The Court did not apply that enhancement at sentencing. (Doc. 24 at 7 ("I'm not going to apply that two-point enhancement.").)

5

In his motion to supplement his § 2255 motion, Movant seeks to add a claim that his sentence should be reduced pursuant to retroactive amendment 794 to the Guidelines. (Doc. 43.) According to Movant, that amendment is to the Guidelines provision regarding the reduction for a defendant's minor role in a crime. (*Id.*)

Movant's motion to supplement should be denied for two reasons. First, a request to reduce a sentence pursuant to a retroactive Guidelines amendment must be made by motion under 18 U.S.C. § 3582(c)(2), not by motion under § 2255. *See* 18 U.S.C. § 3582(c)(2) (providing that a court may modify a sentence based on a sentencing range that later was lowered by a retroactively applicable amendment to the Guidelines); *Bejar v. United States*, No. 1:09-cr-454-CAP-3, 2016 WL 4945345 (N.D. Ga. Sept. 16, 2016) (dismissing § 2255 motion that sought relief under Guidelines amendment 794 because such relief must be sought under § 3582(c)(2)). Movant is familiar with § 3582(c)(2) because he has filed two motions to reduce his sentence pursuant to that provision. (Docs. 26, 35.) Second, to the extent Movant contends in his motion to supplement that the Court erred in denying a minor role reduction, that claim is barred because it was rejected on direct appeal, as explained above.

6

## IV. Certificate of Appealability ("COA")

A § 2255 movant may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable

7

whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman*, 129 S. Ct. 681, 684 n.3 (2009) (quotation marks omitted).

A COA is not warranted in this case. It is not reasonably debatable that Movant's claims are procedurally barred or that he has not made a substantial showing that he was denied a constitutional right.

## V.  Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Movant's § 2255 motion [40] and his motion to supplement his § 2255 motion [43] be **DENIED** and that civil action number 1:16-cv-3548-WSD-LTW be **DISMISSED**. The undersigned **RECOMMENDS** that Movant's motion for due process [47] be **DENIED AS MOOT** because Respondent filed a response to the § 2255 motion. Finally, the undersigned **RECOMMENDS** that a certificate of appealability be **DENIED**.

**SO RECOMMENDED** this 21 day of December, 2016.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)