# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM MCDONAL-ALEJO, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MOTION TO VACATE <br> 28 U.S.C. § 2255 <br><br> CRIMINAL ACTION FILE <br> NO. 1:14-CR-297-MHC <br><br> CIVIL ACTION FILE <br> NO. 1:16-CV-3548-MHC |

## **ORDER**

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 48][1] that Movant's 28 U.S.C. § 2255 Motion ("Mot. to Vacate") [Doc. 40], Motion for Due Process on 28 U.S.C. § 2255 Habeas Corpus Petition ("Mot. for Due Process") [Doc. 47], and Memorandum/Motion of Law Requesting to Supplement This Foregoing Brief to 28 U.S.C. 2255 Petition ("Mot. to Suppl.") [Doc. 43], be denied. The Order for Service of the R&R [Doc. 49] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that

---

[1] All citations to the record are to case number 1:14-CR-297-MHC.

Order. Movant filed his objections to the R&R on January 9, 2017. Objs. to R&R [Doc. 50].

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. FED. R. CIV. P. 72(b), advisory committee's note to 1983 amendment. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Movant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

In this action, Movant attempts to challenge his sentence for possession of methamphetamine with the intent to distribute, pursuant to a guilty plea and negotiated plea agreement. At sentencing, the Court denied Movant's request for a reduction based on his minor role in the drug conspiracy, sustained his objection to a two-level enhancement for maintaining premises for the purpose of distributing drugs, applied a two-level enhancement for possession of a firearm in connection with a drug trafficking crime, and applied a two-level reduction under the Guidelines' safety valve provision. Tr. of Sentencing Hr'g [Doc. 24] at 4-11, 21. The Court found that Movant's total offense level was 35 and his criminal history category was I. Id. at 22. The Court found that his guideline range was 168 to 210 months and sentenced him to 168 months. Id. at 22, 34; see also J. in a Criminal Case [Doc. 12].

Movant appealed his sentence to the United States Court of Appeals for the Eleventh Circuit, contending that the Court erred when it refused to apply a minor role reduction in calculating the Guidelines range. Notice of Appeal [Doc. 14]; United States v. McDonal-Alejo, 626 F. App'x 889 (11th Cir. 2015). The court affirmed the sentence. Id. Movant filed motions to reduce his sentence under 18 U.S.C. § 3582(c)(2) [Docs. 26, 35], which were denied by the Court. Oct. 28, 2016, Order [Doc. 45].

3

The R&R recommends that the Motion to Vacate and the Motion for Due Process be denied because (1) Movant's claim regarding the minor role reduction was decided against him on appeal, and (2) Movant procedurally defaulted on his remaining claims by not raising them on appeal even though they were available to him at the time, and he has not shown cause and prejudice for failing to do so. R&R at 5. Movant's Motion to Supplement requested a sentence reduction because of the retroactive application of Amendment 794. Mot. to Suppl. at 2. The R&R further recommends that the Motion to Supplement be denied because a request to reduce a sentence pursuant to a retroactive Guidelines amendment must be made by motion under 18 U.S.C. § 3582(c)(2), not by motion under § 2255, and, to the extent that the Motion to Supplement is based on the denial of a minor role reduction, the claim is barred because it was rejected on direct appeal. Id. at 6.

Although his objections are difficult to understand, it appears that Movant objects to the finding of the Magistrate Judge that he should have made his motion under 18 U.S.C. § 3582(c)(2), not by motion under § 2255, but that he would have been barred from doing so because he had already filed a 18 U.S.C. § 3582(c)(2) motion on direct appeal. Objs. to R&R at 2. Simply because other avenues for appeal are foreclosed does not mean that a claim under § 2255 is appropriate.

> "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." Spencer v. United States, 773 F.3d 1132,

1138 (11th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 2836 (2015). Consequently, this Court lacks the authority to review a claim brought in a § 2255 motion "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). "A misapplication of advisory sentencing guidelines" falls short of this standard because it "does not violate an 'ancient' right, nor does it raise constitutional concerns." Spencer, 773 F.3d at 1140. Rather, "[a] prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review [only] when [s]he can prove that [s]he is either actually innocent of [her] crime or that a prior conviction used to enhance [her] sentence has been vacated." Id. at 1139. Because Ms. Bejar alleges neither of these things, her sentencing error claim cannot be brought under § 2255.

Bejar v. United States, No. 1:09-CR-454-3-CAP-CMS, 2016 WL 5019196, at *1 (N.D. Ga. Aug. 25, 2016), report and recommendation adopted, No. 1:09-CR-454-3-CAP, 2016 WL 4945345 (N.D. Ga. Sept. 16, 2016), certificate of appealability denied, No. 16-16321-B, 2017 WL 4954804 (11th Cir. Mar. 10, 2017) (requesting a sentence reduction because of the retroactive application of Amendment 794). Movant's objections are, accordingly, **OVERRULED**.

Finding no plain error in the remainder of the R&R, the Court **OVERRULES** Movant's Objections [Doc. 50] and **ADOPTS** the Magistrate Judge's Final Report and Recommendation [Doc. 48] as the Opinion and Order of this Court. It is hereby **ORDERED** that Movant's 28 U.S.C. § 2255 Motion [Doc. 40], Motion for Due Process on 28 U.S.C. § 2255 Habeas Corpus Petition [Doc.

5

47], and Memorandum/Motion of Law Requesting to Supplement This Foregoing Brief to 28 U.S.C. 2255 Petition [Doc. 43] are **DENIED**.

It is further **ORDERED** that because there is no reasonable argument that Defendant's § 2255 motion has merit, it also **DENIES** Defendant a Certificate of Appealability ("COA"). See 28 U.S.C. § 2253(c)(2); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant.").

**IT IS SO ORDERED** this 11th day of July, 2018.

MARK H. COHEN
United States District Judge